## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

DUANE E. NORMAN, SR.,
on behalf of himself and all others similarly
situated,

      *Plaintiff-Respondent,*

    v.

TRANS UNION, LLC,

      *Defendant-Petitioner.*

No. 23-8021

## RESPONDENT'S MEMORANDUM RE: PETITIONER'S
## UNTIMELY PETITION TO APPEAL UNDER RULE 23(f)

Plaintiff-Respondent, Duane Norman, Sr., on behalf of himself and the certified Class, hereby responds to the Court's Order of May 1, 2023 seeking briefing from the parties on the question of whether Defendant-Petitioner Trans Union, LLC's Petition to Appeal, purportedly advanced under Fed. R. Civ. P. 23(f), is untimely. For the reasons set forth herein, the Petition is untimely and improper and should be summarily denied.

### I.    Relevant Facts and Procedural Background

This consumer class action against Defendant-Respondent Trans Union LLC was filed in December 2018. (E.D. Pa. No. 18-CV-5225-GAM, ECF 1, Complaint). On August 14, 2020, the district court (per McHugh, J.) certified the matter as a class action with an order and a comprehensive 60-page memorandum opinion. (ECF 47, 48); *Norman v. Trans Union, LLC*, 479 F. Supp. 3d 98 (E.D. Pa. 2020).

On August 28, 2020, Trans Union petitioned this Court for permission to appeal the district court's class certification order under Fed. R. Civ. P. 23(f).  *See Norman v. Trans Union, LLC*, U.S.C.A. 3d Cir. No. 20-8033 (ECF 1, petition).  That petition was denied September 15, 2020.  (Id. at ECF 7); *Norman v. Trans Union, LLC,* 2020 WL 6393900 (3d Cir. Sep. 15, 2020).

A period of fact discovery then ensued in the district court through February 16, 2022.  (E.D. Pa. No. 18-CV-5225-GAM, ECF 69).  Trans Union was afforded the opportunity to file dispositive motions and any motion to decertify by June 10, 2022.  (ECF 72).

On June 10, 2022, Trans Union filed a Motion for Summary Judgment (ECF 75) and a Motion to Decertify the Class (ECF 83).  Plaintiff opposed both motions.  (ECF 95, 96).

Following robust briefing and oral argument, on April 11, 2023, the district court issued an order and memorandum opinion denying both of Trans Union's Motions.  (ECF 118, slip op.).

On April 25, 2023, Trans Union filed the instant "Petition for Permission to Appeal Under Rule 23(f) of the Federal Rules of Civil Procedure."  By Order dated May 1, 2023, this Court asked for the parties' positions on whether Trans Union's latest petition is untimely.

## II.    Argument: Trans Union's Petition is Untimely, Contrary to the Rules, and Should be Summarily Denied

As a narrow exception to the final judgment rule, Federal Rule of Civil Procedure 23(f) states:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered...

Fed. R. Civ. P. 23(f).

First, Trans Union's petition does not meet the threshold requirements of the Rule. Trans Union seeks review of the district court's denial of its motion to de-certify the class. That motion effectively asked the district court to reconsider its August 14, 2020 class certification order. *See Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1077 (7th Cir. 2014) ("refusal to decertify a class is neither an order granting nor an order denying certification; it is merely a denial of reconsideration of a previous ruling," denying Rule 23(f) petition). Here, the district court did not "grant" certification (for a second time) or "deny" certification in its April 11, 2023 order, it merely denied reconsideration of its August 14, 2020 certification order. There is no basis in Rule 23(f) for a piecemeal appeal of a belated motion to reconsider.

Second, Trans Union's petition is untimely. In *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192–93 (3d Cir. 2008) this Court described the time limit for seeking a Rule 23(f) appeal (then 10 days, now 14 by amendment) as "strict,"

"mandatory," and "inflexible" (quoting cases).  To "ensure that there is only one window of potential disruption, and to permit the parties to proceed in confidence about the scope and stakes of the case thereafter, [Rule 23(f)'s] window of review is deliberately small." *Id.* at 192 (cleaned up, quoting *Gary v. Sheahan*, 188 F.3d 891, 892–93 (7th Cir.1999)).  This Court held that a "*timely and proper* motion for reconsideration" of the district court's class certification order may toll Rule 23(f)'s strict deadline.  *Gutierrez,* 523 F.3d at 193 (italics in original).  However, the Court stressed "regardless of any conflicting local rules, a motion to reconsider a class certification decision that is filed more than ten days after the order granting or denying class certification is 'untimely' with respect to Rule 23(f) and will not toll the period for filing a Rule 23(f) petition." *Id.* at 193.  Clearly, there was no such timely motion here as Trans Union sought de-certification (i.e. reconsideration) more than two years after Judge McHugh's August 14, 2020 class certification order.[1]

---

[1]     Trans Union cites *Gutierrez* in its Petition (at p. 18), even though the strict timeline espoused in that case dooms its Petition.  Trans Union also cites *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 124 (3d Cir. 2018) for the proposition that "rulings denying decertification" are reviewable under Rule 23(f).  (Petition at p. 8).  But *Reinig* says nothing of the sort.  There, the Court had jurisdiction to hear the Rule 23(f) appeal of a grant of class certification.  At the same time, the Court *declined to review* the defendant's failed motion to decertify a Fair Labor Standards Act (FLSA) collective action, an issue "quite distinct" from Rule 23 certification. *Id.* at 130-33.  Trans Union's attempted appeal of a losing decertification motion is akin to the losing decertification bid against the FLSA collective action in *Reinig* that was not appealable.

Like this Court, the other courts of appeal have strictly limited Rule 23(f) to grants or denials of class certification, and have held that no permissive appeal can lie from denials of untimely reconsideration motions or motions to amend or de-certify a class. The Second Circuit, in citing *Gutierrez*, has held that Rule 23(f) cannot countenance a late "interlocutory appeal more than eighteen months after the original decision by the district court to certify the class in part" as such a holding would "leave Rule 23(f)'s deadline toothless." *Fleischman v. Albany Med. Ctr.*, 639 F.3d 28, 31–32 (2d Cir. 2011) (cleaned up); *see also In re DC Water & Sewer Auth.*, 561 F.3d 494, 496-97 (D.C. Cir. 2009) (concluding that the "plain language" of Rule 23(f) requires an order granting or denying class certification "to open the window for an interlocutory appeal"; defendant's motion to clarify earlier class certification order not an order subject to Rule 23(f) review); *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291–92 (11th Cir. 2007) ("[W]hat counts ordinarily is the original order denying or granting class certification, not a later order that maintains the status quo."); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191 (10th Cir. 2006) ("An order that leaves class-action status unchanged from what was determined by a prior order is not an order 'granting or denying class-action certification.'"); *McNamara v. Feiderhof*, 410 F.3d 277, 280 (5th Cir. 2005) (holding that a Rule 23(c)(1)(C) motion to amend a class certification order "has no bearing on the time limit prescribed in Rule 23(f)").

The *status quo* has not changed since the district court's August 2020 order – the Class remains certified. Trans Union attempts to gin up some change in the status quo by claiming some consumers did not "directly" send dispute letters, but credit repair outfits did for them, and thus these class members don't have standing or harm – injecting some unexplained hurdle to predominance and threatening Trans Union's right to "due process." (Petition at p. 18). This argument was rejected by the district court because a straightforward review of the dispute letters (for indicia of credit repair) could be accomplished administratively. (ECF 117, slip op. at p. 43-45). The district court also rejected Trans Union's argument on the substantive law and the facts of this case. (ECF 117, slip op. at p. 31- 36). As for the law, the district court held that mere involvement of a credit repair clinic does not make the consumer's dispute any less "direct." (Id. at 31-34, citing cases). As for the facts, Trans Union did not treat any of the class member disputes as credit repair disputes, which would have required the sending of statutory notice of a "frivolous" dispute. (Id. at 35-36). Trans Union's instant Monday-morning quarterbacking about some concern of credit repair involvement is belied by the very facts of this case.

Most important for the instant petition, the district court earlier rejected Trans Union's same arguments in its August 2020 certification opinion. (ECF 47, p. 57-58). While the district court might have analyzed the faulty argument in more detail this time around, it reached the same conclusion that Trans Union's concern about credit

repair, belied as it is by the law and record facts, is no impediment to predominance and certification. The status quo remains unchanged – the district court rejected Trans Union's argument in August 2020, and again in April 2023.

Of course, Trans Union already petitioned this Court for interlocutory appeal in a comprehensive 33-page petition raising all of its concerns back on August 28, 2020. After considering that earlier Rule 23(f) petition -- and Norman's response -- this Court denied interlocutory review on September 15, 2020. Trans Union has already sought its "one window of [] disruption" to the orderly progression in this case. *Gutierrez,* 523 F.3d at 192. The Rules do not permit a second bite at the apple.

### III.   Conclusion

The Class that the district court certified in August 2020 remains certified, and there has been no change to the *status quo.* Trans Union tried its one attempt at interlocutory appeal in 2020, and this Court declined review then. Trans Union's attempt at a *second* petition for appeal is untimely and contrary to the letter and spirit of Rule 23(f) and should be summarily dismissed.

In the event the Court finds the petition proper and timely, Plaintiff-Respondent Mr. Norman respectfully requests fourteen (14) days to answer and oppose the petition on the merits.

Respectfully submitted:

DATE:  May 15, 2023

*/s/ Andrew M. Milz*
CARY L. FLITTER
ANDREW M. MILZ
JODY T. LÓPEZ-JACOBS
**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(P) (610) 822-0782
(F) (610) 667-0552
cflitter@consumerslaw.com
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com

JAMES A. FRANCIS
JOHN SOUMILAS
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(P) (215) 735-8600
(F) (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

**Attorneys for Plaintiff-Respondent
and the Certified Class**

## COMBINED CERTIFICATIONS

**1. Bar Membership:** I certify that I am a member of this Court's bar.

**2. Word Count, Typeface, and Type Style:** I certify that this brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 5(c) and 27(d)(2) because the brief (as indicated by my word processing program, Microsoft Word) contains 1,674 words. I also certify that this brief complies with the typeface requirements and type style requirements of Rules 27 and 32 because this brief has been prepared in the proportionally spaced typeface of 14-point Baskerville.

**3. Service:** I certify that on this date I am causing this brief to be filed electronically via this Court's CM/ECF system. All participants in this petition for interlocutory appeal are registered CM/ECF users and will be served by the CM/ECF system.

**4. Paper Copies:** I certify that the text of the electronic brief filed via ECF is identical to the text of the original and three paper copies that will be delivered to the Court.

**5. Virus Check:** I certify that I have performed a virus check using EmiSoft Anti-Malware on today's date and no virus was detected.

May 15, 2023                          _/s/ Andrew M. Milz_____